IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHNNY RAY JONES,

    Petitioner,

v.

RICK COURSEY,

    Respondent.

Case No. 2:13-cv-02167-JE

FINDINGS AND RECOMMENDATION

    Johnny Ray Jones, #7670070
    Eastern Oregon Correctional Institution
    2500 Westgate
    Pendleton, OR 97801-9699

        Petitioner, *Pro Se*

    Ellen F. Rosenblum, Attorney General
    Samuel A. Kubernick, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging a 2009 decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") deferring his release. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be denied.

## BACKGROUND

Petitioner is incarcerated within the Oregon Department of Corrections serving a life sentence with no mandatory minimum. Respondent's Exhibit 101. On December 9, 2009, the Board held an exit interview to determine whether petitioner was a suitable candidate for release to supervision. The Board concluded that petitioner suffered from a "present severe emotional disturbance such as to constitute a danger to the health or safety of the community." Respondent's Exhibit 103, p. 150. As a result, the Board deferred petitioner's potential release date for 24 months.

Petitioner requested administrative review, but the Board denied relief. *Id* at 152-56. He filed for judicial review in the Oregon Court of Appeals, but the appellate court affirmed the Board's decision without opinion and the Oregon Supreme Court denied review. *Jones v. Board of Parole and Post-Prison Supervision*, 257 Or. App. 294, 304 P.3d 54, *rev. denied*, 354 Or. 342, 313 P.3d 1126 (2013).

2 - FINDINGS AND RECOMMENDATION

Petitioner filed this federal habeas corpus case on December 10, 2013 raising four grounds for relief wherein he generally alleges that the Board violated his federal due process rights and the *Ex Post Facto* Clause of the Constitution when it relied upon the incorrect versions of statutes and regulations when making its release determination. Respondent asks the court to deny relief on the Petition because petitioner failed to fairly present any of his federal claims to Oregon's state courts.

## DISCUSSION

### I. Exhaustion and Procedural Default Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are

3 - FINDINGS AND RECOMMENDATION

therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

## II. Analysis

In his Appellant's Brief, petitioner's challenge to the Board's decision focused on his claims that the decision was: (1) not sufficiently reasoned; and (2) not supported by substantial evidence. Respondent's Exhibit 105. In doing so, he failed to raise any federal claim and, instead, relied solely on Oregon state law. *Id.* "The law of [the Ninth Circuit] is plainly that a federal claim has not been exhausted in state court unless petitioner both raised the claim in state court and explicitly indicated then that the claim was a *federal* one[.]" *Lyons v. Crawford,* 232 F.3d 666,

4 - FINDINGS AND RECOMMENDATION

669 (9th Cir. 2000) *as modified by* 247 F.3d 904 (9th Cir. 2001) (emphasis in original). Although petitioner argues that he informed the State of his federal issues in his request for administrative review, it is incumbent upon a litigant to raise his federal claims at each and every level of his state court proceedings in order to satisfy the fair presentation requirement. *Reese v. Baldwin*, 541 U.S. 27, 32 (2004). As petitioner did not raise his federal issues on appeal, he failed to fairly present any of his federal claims to Oregon's state courts. Because the time for doing so passed long ago, his claims are now procedurally defaulted.

Petitioner appears to ask the court to excuse his default on the basis that the State failed to address his federal claims at the administrative review level, and that the Oregon Court of Appeals' affirmance without opinion amounts to an unreasonable determination of the facts in light of the evidence presented. While 28 U.S.C. § 2254(d) provides that habeas relief may be appropriate where a state court has made an unreasonable determination of the facts in light of the evidence presented, it does not serve to excuse a procedural default. Even if this were not the case, where Oregon's courts made no factual findings, there cannot be any unreasonable factual determinations.

Petitioner also argues that the failure to address his claims on their merits would result in a fundamental miscarriage of

5 - FINDINGS AND RECOMMENDATION

justice. The fundamental miscarriage of justice exception to procedural default, also known as the actual innocence exception, applies only where the petitioner introduces new evidence of his innocence. *Schlup v. Delo*, 513 U.S. 298, 313-16, 321 (1995); *Vosgien v. Persson*, 742 F.3d 1131, 1134 (9th Cir. 2014). As petitioner offers no such evidence in this case, this exception does not apply. Accordingly, relief on the Petition should be denied.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be denied and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

///
///
///
///

6 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this **7** day of August, 2014.

_John Jelderks_
John Jelderks
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION